USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/31/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

N.B. and A.E., individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

PLANNED PARENTHOOD FEDERATION OF AMERICA INC. d/b/a PLANNED PARENTHOOD,

Defendants.

C.B., L.M., and D.D., on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD GREATER MEMPHIS REGION, INC., PLANNED PARENTHOOD SOUTHEAST, INC., and PLANNED PARENTHOOD OF FLORIDA, INC., as successor in interest to PLANNED PARENTHOOD OF SOUTHWEST AND CENTRAL FLORIDA, INC.,

Defendants.

1:25-cv-10279 (MKV)

1:26-cv-05201 (MKV)

**ORDER CONSOLIDATING CASES, DENYING WITHOUT PREJUDICE MOTION TO APPOINT CLASS COUNSEL, AND SCHEDULING ORDER**

MARY KAY VYSKOCIL, United States District Judge:

On July 30, 2026, Plaintiffs in *N.B. et al. v. Planned Parenthood Federation of American Inc.,* Case No. 1:25-cv-10279, filed a letter requesting that the Court accept as related a case then-pending before Judge Woods: *C.B. et al. v. Planned Parenthood of America Inc. et al.*, Case No. 1:26-cv-05201 (GHW). [ECF No. 26 (1:25-cv-10279)]. The later filed action before Judge Woods, *C.B. v. Planned Parenthood*, Case No. 1:26-cv-05201, was subsequently reassigned to me as related. Thereafter, the Court entered Orders in both cases directing Plaintiffs to show cause

why the two cases should not be consolidated. [ECF No. 27 (1:25-cv-10279); ECF No. 17 (1:26-cv-05201)].

In response, Plaintiffs in both cases have now moved to consolidate the two actions. [ECF No. 28 (1:25-cv-10279); ECF No. 24 (1:26-cv-05201)]. Defendants have not posed any objection to consolidation in either case. However, Plaintiffs in *N.B. et al.,* Case No. 1:25-cv-10279, also request that the Court appoint Plaintiffs' counsel Bursor & Fisher, P.A. ("B&F") as interim class counsel in the consolidated action pursuant to Federal Rule of Civil Procedure 23(g). [ECF No. 28 (1:25-cv-10279)]. Plaintiffs in *C.B. et al*., Case No. 1:26-cv-05201, oppose the request as premature and in violation of this Court's Individual Rules requiring a pre-motion letter. [ECF No. 24 (1:26-cv-05201)]. The *C.B.* Plaintiffs request that the Court hold the request to appoint interim class counsel in abeyance, or deny it without prejudice, and permit fulsome briefing on appointment of interim class counsel after consolidation. [ECF No. 24 (1:26-cv-05201)].

Having carefully reviewed the parties' submissions, IT IS HEREBY ORDERED that *N.B. et al.,* Case No. 1:25-cv-10279, shall be consolidated with *C.B. et al*., Case No. 1:26-cv-05201 for purposes of discovery and trial. Consolidation is plainly appropriate here given the two actions "involve a common question of fact." Fed. R. Civ. P. 42(a); *see also Barkley v. Olympia Mortg. Co.*, 557 F. App'x 22, 25 (2d Cir. 2014), *as amended* (Jan. 30, 2014). Indeed, the two actions here name Planned Parenthood Federation of America, Inc. as a Defendant, challenge the same core conduct, assert overlapping legal claims, seek to certify overlapping classes, and seek the same categories of relief. *See Chun Huang v. Canntrust Holdings Inc.*, No. 19-CV-6396 (JPO), 2020 WL 9077513, at *2 (S.D.N.Y. Apr. 16, 2020) ("The Court easily concludes that consolidation is warranted here. No party has opposed consolidation, and all four actions assert identical claims against almost identical defendants on behalf of an identical plaintiff class on the basis of almost

identical factual allegations."). Both Plaintiffs request consolidation and Defendant does not oppose.

**All further filings by the parties in this consolidated action shall be filed in Case Number 1:25-cv-10279.**

IT IS FURTHER ORDERED that Plaintiffs' request in *N.B. et al.,* Case No. 1:25-cv-10279, for the appointment of B&F as class counsel is denied without prejudice to renewal. Counsel in *C.B. et al*., Case No. 1:26-cv-05201, relays that it intends to oppose on the merits the motion for appointment of B&F as interim class counsel. [ECF No. 24 (1:26-cv-05201)]. Accordingly, without the benefit of fulsome briefing on the issue, the application for appointment of B&F as interim class counsel is premature and denied without prejudice.

IT IS FURTHER ORDERED that, **within one week of the entry of this Order**, all the parties in the consolidated action shall file a Joint Letter addressing the status of the case and proposing appropriate next steps. The Joint Letter shall provide a proposed briefing schedule for the appointment of interim class counsel as well as address any motions that Defendants intend to raise at this stage of the proceedings.

***The parties are on notice that failure to comply with court orders and the Federal Rules of Civil Procedure, the Local Rules, and this Court's Individual Rules of Practice in Civil Cases may result in sanctions, including: monetary sanctions on counsel and the parties; preclusion of claims, defenses, evidence, and motion practice; and the case-terminating sanctions of dismissal for failure to prosecute and default judgment.***

The Clerk of Court is respectfully requested to file this order in both of the above-captioned cases and terminate docket entries 26 and 28 in *N.B. et al.,* Case No. 1:25-cv-10279 as well as docket entry 24 in *C.B. et al*., Case No. 1:26-cv-05201.

**SO ORDERED.**

**Date: August 31, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**